**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| LAURA L. PATTERSON,<br><br>Plaintiff,<br><br>v.<br><br>SWAGELOK COMPANY, *et al.*,<br><br>Defendants. | ) | Case No. 1:20-cv-566<br><br>Judge J. Philip Calabrese<br><br>Magistrate Judge<br>Jonathan D. Greenberg |

---

| | | |
|---|---|---|
| ERIC L. PATTERSON,<br><br>Plaintiff,<br><br>v.<br><br>UNITEDHEALTH GROUP, INC., *et al.*,<br><br>Defendants. | ) | Case No. 1:21-cv-470<br><br>Judge J. Philip Calabrese |

**OPINION AND ORDER**

On July 27, 2026, the Court resolved the parties' long-running discovery dispute regarding the discoverability of any similarly situated insureds to the Pattersons. (*Laura Patterson* ECF No. 99; *Eric Patterson* ECF No. 118.) In resolving this dispute, the Court outlined its history, which began in 2023 but did not become ripe until July 2026. (*See Laura Patterson* ECF No. 99, PageID #3272–76; *Eric Patterson* ECF No. 118, PageID #3882–86.) After reviewing the record, the Court determined that the first amended complaint (the operative complaint at the time) put at issue the existence of similarly situated insureds. Therefore, the Court

determined that the Pattersons were entitled to discover such information and ordered Defendants to produce the information. Defendants seek reconsideration of this decision. (*Laura Patterson* ECF No. 104; *Eric Patterson* ECF No. 123.)

At a status conference on August 19, 2026, the Court addressed certain discovery issues that Plaintiffs raised with respect to Kreiner & Peters. (*Laura Patterson* ECF No. 105; *Eric Patterson* ECF No. 124.) Specifically, Kreiner & Peters objected to the production of certain communications during the State-court litigation. (*Id.*) At the status conference, Kreiner & Peters reported that it asked its clients' position on the issue and was awaiting a response. To avoid the circumstance where the parties delayed discovery for months awaiting an answer, the Court set a deadline of Friday, August 20. In doing so, the Court stated that, in light of its Opinion and Order dated July 31, 2026 (*Laura Patterson* ECF No. 101; *Eric Patterson* ECF No. 120), the parties could not in good faith draw the line at the assertion of privilege based on the pendency of litigation. Instead, the applicable line is whether the communication at issue involves plan administration. For this reason, the Court alternatively provided that if Kreiner & Peters wished to stand on its objection that it should submit the materials at issue for *in camera* review. Kreiner & Peters stands on its objections. (*Laura Patterson* ECF No. 106; *Eric Patterson* ECF No. 125), but it did not produce the materials at issue for *in camera* review. Instead, it seeks reconsideration.

Although the rules do not formally provide for reconsideration, the reasons for altering or amending a judgment under Rule 59 or for obtaining relief from a

judgment under Rule 60 generally delineate the circumstances under which a court will grant reconsideration. This is so despite the fact that, strictly speaking, "any order or other decision . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action . . . and may be revisited at any time before the entry of judgment[.]" Fed. R. Civ. P. 54(b).

A court may alter or amend the judgment where there is a clear error of law, newly discovered evidence, or an intervening change in controlling law or to prevent manifest injustice. *GenCorp, Inc. v. American Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999) (citations omitted). Such relief constitutes an extraordinary remedy reserved for exceptional cases. *Hines v. Commissioner of Soc. Sec.*, 414 F. Supp. 3d 1080, 1081 (S.D. Ohio 2019) (citations omitted). It is not an opportunity to re-argue matters or "to raise arguments which could, and should, have been made before judgment issued." *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998) (quoting *Federal Deposit Ins. Corp. v. World Univ. Inc.*, 978 F.2d 10, 16 (1st Cir. 1992)). And a district court retains discretion to entertain such a motion. *Rodriguez v. Tennessee Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 n.7 (6th Cir. 2004).

## I. Order Dated July 27, 2026

Against this high standard, Defendants Swagelok Company, UnitedHealth Group Incorporated, United Healthcare Services, Inc., United HealthCare Insurance Company, and OptumInsight, Inc. seek reconsideration primarily on two grounds. Specifically, they argue for reconsideration based on the Court's "oversight and mistake" of (1) not addressing the Pattersons' standing in ruling on the discovery

issue and (2) allowing discovery of similarly situated insureds based on allegedly conclusory assertions that lack a factual basis. (*Laura Patterson* ECF No. 104, PageID #3310 n.2; *Eric Patterson* ECF No. 123, PageID #3920 n.2.) The Court addresses each in turn.

**I.A. Standing**

Defendants argue that reconsideration is warranted because, in ruling on the discovery dispute, the Court did not address whether Mr. and Mrs. Patterson have standing to pursue claims on behalf of others, namely a class. Previously, the Court addressed this issue in its Opinion and Order dated January 9, 2026. (*Laura Patterson* ECF No. 72, PageID #1776–90; *Eric Patterson* ECF No. 91, PageID #2386–400.) In that ruling, the Court addressed the issue of standing at great length—spending almost 14 pages separately analyzing whether Eric and Laura Patterson each had standing to pursue their claims. (*Id.*) In short, there is no dispute that each Plaintiff alleges a concrete and particularized injury fairly traceable to Defendants and redressable by the Court.

In its ruling on January 9, 2026, the Court went further and addressed whether the Sixth Circuit's ruling in *Patterson v. United Healthcare Ins. Co. (Patterson I)*, 76 F.4th 487, 494 (6th Cir. 2023), precluded Eric Patterson from maintaining a class action. Following careful analysis of the record and the Sixth Circuit's ruling, the Court determined that different factual allegations might permit him to bring class allegations, subject to the requirements of Rule 23. (*Laura Patterson* ECF No. 72, PageID #1788–89; *Eric Patterson* ECF No. 91, PageID #2398–99.)

Additionally, Defendants argue that the Court previously dismissed Mr. Patterson's claims on behalf of a class "on the merits." (*Laura Patterson* ECF No. 104, PageID #3310 n.4; *Eric Patterson* ECF No. 123, PageID #3920 n.4.) That is not true. At the beginning of Mr. Patterson's case, and before the Sixth Circuit's decision in *Patterson I*, Mr. Patterson moved for leave to amend to add class allegations. (*Eric Patterson*, ECF No. 35.) The Court denied that amendment request based on futility—the amendment removed substantive allegations, which the Court determined failed to state a claim. (*Eric Patterson* ECF No. 39, PageID #1100–01.) Accordingly, once the Court dismissed the entire case, there was no need for consideration of Mr. Patterson's class allegations.

Finally, Defendant rely on *Vasser v. FCA, US LLC, et al*, 2:25-cv-12529 (E.D. Mich., Aug. 17, 2026), to argue that the Court incorrectly applied this Circuit's law on standing. (*Laura Patterson* ECF No. 104, PageID #3310 n.3; *Eric Patterson*,ECF No. 123, PageID #3920 n.3.) That reliance is misplaced. Obviously, one district court cannot bind another, so the decision does not constitute an intervening change in the law that merits reconsideration. But even a cursory review shows that the standing analysis in *Vasser* has no application on the facts at issue here.

In short, the Court did not address standing—again—in resolving a discovery dispute because it did not have to do so. Previously, it expended considerable time and effort on the issue, and no party raised the issue when presenting the discovery dispute to the Court for resolution. At bottom, Defendants' motion for reconsideration belatedly seeks to reopen the Court's ruling on the motion to dismiss dated

January 9, 2026. In that respect, the motion simply comes too late and, in any event, lacks merit.

### I.B. Well-Pleaded Allegations

Defendants argue that the allegations in the first amended complaint do not justify the requested third-party discovery of similarly situated insureds because they are conclusory. This argument is not well-taken. The first amended complaint directly alleges that there are others similarly situated to the Pattersons. (*See Laura Patterson* ECF No. 99, PageID #3276–77; *Eric Patterson* ECF No. 118, PageID #3886–87.) Contrary to Defendants' reading, these allegations satisfy the requirements of Rule 8. Whether Plaintiffs can satisfy the requirements of Rule 23, including by showing that each class member has standing, remains to be seen through the development of facts through discovery. Because the Pattersons plausibly allege that there are other similarly situated insureds, Plaintiffs are entitled to that discovery.

Defendants point to the depositions of Mr. and Mrs. Patterson to demonstrate that there are not other similarly situated insureds. (*See Laura Patterson* ECF No. 104, PageID #3311; *Eric Patterson* ECF No. 123, PageID #3921.) But their counsel made the allegations and might through investigation and other means have such information. Indeed, counsel has access to information that their clients necessarily would not because of their work on these cases, including through investigations or discovery. Accordingly, the Pattersons' answers at deposition do not mean that their answers were false or that the allegations in the first amended

complaint are untrue. In any event, Mr. and Mrs. Patterson might well identify the other as similarly situated.

### I.C. Development of the Record for Reconsideration

In their motion for reconsideration, Defendants raise one other issue that requires a brief mention. They complain that they are constrained to two pages of briefing for their motion for reconsideration and "full briefing on this critical issue" should be allowed by the Court. (*Laura Patterson* ECF No. 104, PageID #3310 n.2; *Eric Patterson* ECF No. 123, PageID #3920 n.2.) They go so far as to claim that "it was acknowledged that no written briefing had been submitted directly addressing the discoverability of such information." (*Laura Patterson* ECF No. 104, PageID #3310; *Eric Patterson* ECF No. 123, PageID #3920.) This claim has no merit. At that status conference, Defendants confirmed that they stood on their prior objection to the discoverability of similarly situated persons, which was already part of the record in the form of a lengthy written objection. (*See Eric Patterson* ECF No. 62–1, PageID #1557–59.) Indeed, those written objections adequately explained Defendants' position. (*Id.*) Additionally, Defendants repeatedly articulated their positions and presented their arguments on the issue at several status conferences. (*See Laura Patterson* ECF No. 99, PageID #3272–76; *Eric Patterson* ECF No. 118, PageID #3882–86.) Therefore, in the Court's view, the record was adequately developed, and more briefing was not warranted before resolution of the discovery dispute.

Moreover, Defendants misunderstand the Court's Civil Standing Order. As that Order (which can be found here) explains, motions for reconsideration are disfavored in the law and, as a result, carry a high standard. Limiting the length of

an initial motion serves a screening function to determine whether a litigant can meet that high standard. Indeed, where warranted, the Court allows for more complete briefing. But this is not such a case.

## II. Order Dated August 19, 2026

As a procedural matter, the Court ordered Kreiner & Peters to produce the materials over which it claims privilege for *in camera* review on August 24, 2026. It did not do so. A motion for reconsideration does *not* stay a court order. Kreiner & Peters could have sought reconsideration after deciding to stand on its claim of privilege. Instead, it engaged in self-help and defied a court order.

The Court remains doubtful that a claim of privilege may be asserted as a categorical matter in good faith over the communications during the State-court litigation at issue for the reasons stated at the hearing on August 18, 2026 and above. In its motion for reconsideration, however, Kreiner & Peters remains adamant that it had nothing to do with plan administration. Also, it appears concerned that its communications with entities not formally its client might not be protected by the claims of privilege it makes. Conceivably, the entities on the defense side in the State-court litigation share a common-interest privilege, but no party has thus far in this litigation made such a claim. And it is too late to do so now. Indeed, Kreiner & Peters did not assert such a protection as a basis for any of its objections.

Because Kreiner & Peters remains adamant in its claim of privilege, the Court **ORDERS** it to provide the materials at issue forthwith to the Magistrate Judge in Case No. 1:21-cv-470. By separate order, the Court will refer review of these materials to the Magistrate Judge.

## CONCLUSION

For these reasons, the Court sees no clear error of law or manifest injustice in either Order at issue. Nor has there been an intervening change in the law or newly discovered evidence. Therefore, the Court **DENIES** Defendants' motion for reconsideration (*Laura Patterson* ECF No. 104; *Eric Patterson* ECF No. 123) and the motion of Kreiner & Peters (*Laura Patterson* ECF No. 105; *Eric Patterson* ECF No. 124) and **ORDERS** Kreiner & Peters to submit the materials over which it claims privilege for *in camera* review forthwith to the Magistrate Judge in Case No. 1:21-cv-470.

Under 28 U.S.C. § 636(b)(1)(A) and N.D. Ohio Local Rule 72.2(a), the Court refers this matter to the Magistrate Judge in Case No. 1:21-cv-470 for *in camera* review of the materials submitted according to the parameters set forth in its Opinion and Order dated July 31, 2026 (*Laura Patterson* ECF No. 101; *Eric Patterson* ECF No. 120) and production, as appropriate, to Plaintiffs on the schedule set for class certification (*see Laura Patterson* ECF No. 99, PageID #3277; *Eric Patterson* ECF No. 118, PageID #3887).

Further, the Court schedules the next status conference for September 17, 2026 at 2:00 pm by Zoom. By September 14, 2026 at noon, the parties shall submit a joint status report, identifying any issues that require the Court's attention. If there are no such issues, the Court will cancel the conference.

**SO ORDERED.**

Dated: August 24, 2026

J. Philip Calabrese
United States District Judge
Northern District of Ohio